IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRENDA LYNN UNDERWOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0248 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## TO AFFIRM DECISION OF THE COMMISSIONER

Plaintiff BRENDA LYNN UNDERWOOD brings this cause of action pursuant to 42 U.S.C.

§ 405(g), seeking review of a final decision of defendant MICHAEL J. ASTRUE, Commissioner of

Social Security (Commissioner), denying plaintiff's application for supplemental security income

(SSI). Both parties have filed briefs in this cause. For the reasons hereinafter expressed, the

undersigned United States Magistrate Judge recommends the Commissioner's decision finding

plaintiff not disabled and not entitled to benefits be AFFIRMED.

I.
PROCEEDINGS

Plaintiff filed an application for SSI on May 27, 2004 alleging she had been unable to work

because of a disabling condition since May 3, 2004.[1] In a Disability Report dated June 11, 2004,

plaintiff alleged she had been unable to work due to "manic depression, insomnia, panic attacks, L-

---

[1]The record does not contain a copy of plaintiff's initial application for SSI. The onset date is derived from the ALJ's decision. A subsequent Disability Report alleged an onset date of May 1, 2004.

2, 3, 4 – back problems, [and a] pinched nerve." (Tr. 66-75). Plaintiff noted she completed the 11th

grade, and identified her past work as a waitress (1998-2000). (Tr. 68; 73; 76-77). On October 27,

2004, the Social Security Administration denied plaintiff benefits. (Tr. 37; 47-52). In a

Reconsideration Disability Report filed December 27, 2004, plaintiff added an additional medical

condition, *i.e.*, that a "doctor found a spot on [her] liver. Need more test." (Tr. 90). On February

22, 2005, the Social Security Administration denied plaintiff benefits upon reconsideration.[2] (Tr.

36; 43-45).

Plaintiff requested a hearing before an Administrative Law Judge asserting she disagreed

with the determination of her claim because: "I still suffer from depression all the time. The

medication I'm on causes me to be so tired and sleepy all the time." (Tr. 42). In a Disability

Report filed March 3, 2005, plaintiff asserted additional medical conditions of an infection in her

colon, anemia, and two (2) heart murmurs. (Tr. 97). Plaintiff also reported medications for acid

reflux and asthma. (Tr. 105).

An administrative hearing was held before an ALJ on October 26, 2006. (Tr. 652-78).

Plaintiff, represented by counsel, appeared and testified at the hearing as did a vocational expert.

On March 30, 2007, the ALJ rendered an unfavorable decision, finding plaintiff not disabled and

not under a disability as defined by the Social Security Act at any time through the date of his

decision. (Tr. 17-25). The ALJ found plaintiff had not engaged in substantial gainful activity since

her alleged onset date. (Tr. 15). The ALJ also determined plaintiff had a severe medical

impairment or combination of medical impairments, *viz.*, degenerative disk disease of the lumbar

and cervical spines, depression, anemia, gastro-esophageal reflux disease ("GERD"), myalgias, and

---

[2]Plaintiff's request for reconsideration stated she did not agree with the initial determination because: "I am in pain due to back injury. I am depressed all the time. My medication causes me to be sleepy." (Tr. 46).

arthritis, but that plaintiff's impairments did not meet or equal any listed impairment. (Tr. 19-20). The ALJ then found plaintiff retained the residual functional capacity (RFC) – the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks – to perform a limited range of light and sedentary unskilled work, limited by a restriction for lifting over thirty (30) pounds, and limited to walking or standing six hours of an eight hour work day. (Tr. 23). Based upon this RFC, and the fact that plaintiff's previous occupation had exertional requirements in excess of that RFC, the ALJ found plaintiff unable to perform her past relevant work (PRW) as a waitress. (Tr. 23). The ALJ further determined, based on vocational expert (VE) testimony, there was other work existing in significant numbers in the regional and national economies which plaintiff can perform with her RFC, age, education, and PRW experience, *viz.*, light unskilled work – bottle line attendant, wire stripper, or solderer; or sedentary unskilled work – circuit board tester, label cutter, or laminator. (Tr. 24).

On May 28, 2007, plaintiff requested the Appeals Council review the ALJ's decision. Plaintiff argued that "[d]uring the hearing the Vocational Expert stated [she] could not do any jobs with the limitations [she has] due to [her] mental problems. Now have more medical problems." (Tr. 11). Upon the Appeals Council's denial of plaintiff's request for review on September 14, 2007, the ALJ's determination that plaintiff is not under a disability became the final decision of the Commissioner. (Tr. 5-7). Plaintiff now seeks judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

II.
STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this Court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the

Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94(5th Cir. 1972)). If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d at 164. Stated differently, the level of review is not *de novo*. The fact that the ALJ <u>could</u> have found plaintiff to be disabled is not the issue. The ALJ did not do this, and the case comes to federal court with the issue being limited to whether there was substantial evidence to support the ALJ decision, and whether any errors of law were made.

III.
<u>ISSUES</u>

Plaintiff's brief in support of his complaint presents the following issues for review:

1.  The ALJ committed reversible error by failing to acknowledge the shifting of the burden of proof to the Commissioner after finding plaintiff had proven her inability to perform her PRW;

2.  The ALJ's RFC decision is not supported by substantial evidence because he relied solely upon his determination that plaintiff's allegations of disability are not credible and credibility rulings do not constitute evidence of any kind;

3.      The ALJ's credibility ruling against plaintiff is not supported by substantial evidence; and

4.      There is no substantial evidence to support the Commissioner's decision.


# IV.
## MERITS

The ALJ made the determination that plaintiff is not disabled at Step Five of the five-step sequential analysis.  Therefore, this Court is limited to reviewing only whether there is substantial evidence in the record as a whole to support a finding that plaintiff retains the ability to perform other work that exists in significant numbers in the national economy, and whether the proper legal standards were applied in reaching this decision.  After review of the administrative record, the Court is of the opinion substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings, and that no errors of law were made.


### A.  Acknowledging Shifting of the Burden of Proof

In his first ground, plaintiff argues the ALJ "committed reversible error by failing to acknowledge the shifting of the burden of proof to the Commissioner after finding [] Plaintiff had proven her disability to perform her customary work."  Plaintiff contends the ALJ was required to acknowledge, in his decision, the shifting of the burden of proof to the Commissioner because he found plaintiff "disabled from her accustomed type(s) of employment."  Plaintiff maintains that once plaintiff has "proven his disability from his customary work," that the "burden then devolves upon the [Commissioner] to go forward with the evidence to prove [] claimant has retained the residual functional capacity to perform other substantial, gainful activity at jobs existing in the

economy in significant numbers."  Citing an 8[3] Circuit case[3] for the proposition that it is "error *per se* for the ALJ not to specifically acknowledge the shifting in his decision," plaintiff concludes the ALJ in this case committed reversible error by failing to so acknowledge the shifting of the burden of proof.

It is well settled that a claimant bears the burden of proving he or she suffers from a disability.[4]  An "individual shall not be considered to be under a disability unless he furnishes such medical and or other evidence of the existence thereof . . . ."  42 U.S.C. § 423(d)(5)(A); *see also* 20 C.F.R. § 416.912(a).

The Commissioner has developed a five-step sequential process to determine whether a claimant is disabled.  At Step Four, as relevant in this case, the ALJ must determine whether a claimant's severe impairment prevents his or her performance of PRW.  By definition, any such determination at Step Four requires the ALJ to first assess the claimant's RFC and then determine if the claimant, with such an RFC, is capable of doing their PRW.  The burden of proof at Steps One through Four rests with the claimant.  *See Young v. Apfel*, 221 F.3d 1065 (8th Cir. 2000).  If the claimant satisfies the first four steps of the sequential evaluation process, the burden of proof[5] shifts to the Commissioner to show there is other substantial work in the national economy the claimant can perform.  *Masterson*, 309 F.3d at 272 (internal citations omitted).  In making this determination, however, the Commissioner utilizes the RFC assessment determined at Step Four.  20 C.F.R. §

---

[3]*Ulrick v. Heckler*, 780 F.2d. 1381, 1382 (8th Cir. 1985).

[4]A disability is defined as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity.  *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

[5]While the burden of production and proof to show other substantial work in the national economy a claimant can perform shifts to the Commissioner, the ultimate burden of persuasion to prove disability remains with the claimant.  68 Fed. Reg. 51153, 51155 (Aug. 26, 2003).

416.960(c)(2); 68 Fed. Reg. 51153, 51154 (Aug. 26, 2003); *see Perez v. Barnhart*, 415 F.2d 457, 462 (5th Cir. 2005). If the Commissioner identifies alternative employment, the plaintiff can perform within the RFC determined at Step Four, the burden shifts back to the claimant to prove he or she is unable to perform the alternate work so identified. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).[6]

In his "Applicable Law" section of his decision, the ALJ noted:

At the last step [Step Five] of the sequential evaluation process [], the undersigned must determine whether the claimant is able to do any other work considering her residual functional capacity, age, education, and work experience. If the claimant is able to do other work, she is not disabled. If the claimant is not able to do other work and meets the duration requirement, she is disabled. Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education and work experience [].

(Tr. 19). By the discussion quoted above, the ALJ expressly recognized the shifting of the burden of proof at Step 5 and acknowledged the Commissioner had the burden of proving plaintiff, with her RFC, is capable of performing other work in the national economy. Consequently, plaintiff's contention that the ALJ failed to acknowledge the shifting of the burden of proof is without merit. If it is plaintiff's contention that the ALJ must again acknowledge the shifting of the burden of proof in his decision <u>after</u> making a finding that a plaintiff is unable to perform their PRW, plaintiff has not provided, and this Court has not found, controlling authority requiring any such repetitious acknowledgment. Plaintiff's first ground should be DENIED.

---

[6]*See also Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987) ("If the [Commission] adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternate work.").

B.  <u>Substantial Evidence to Support RFC Finding</u>

Plaintiff's remaining grounds attack the propriety of the ALJ's determination that plaintiff was not entirely credible in describing her limitations, and whether there is substantial evidence to support the ALJ's determination of plaintiff's RFC.  In her second ground, plaintiff argues there is no substantial evidence to support the ALJ's determination of plaintiff's RFC because it is based solely on the ALJ's credibility ruling which does not constitute evidence.  In her third ground, plaintiff attacks the credibility evaluation itself asserting the adverse credibility ruling of plaintiff cannot stand because the ALJ failed to show specific reasons for his credibility assessment.  In her fourth ground, plaintiff argues that once the credibility ruling is discounted under ground two, or disallowed under ground three, no evidence remains to support the ALJ's RFC determination or his decision as a whole.

In her second ground, plaintiff correctly notes it was the Commissioner's burden (at Step Five) to show there was work existing in significant numbers in the economy plaintiff could perform.  *Plaintiff's Brief*, at 10.  Plaintiff then argues "the record [] is totally devoid of any 'evidence' (substantial or otherwise)" to support the ALJ's finding (at Step Four) that plaintiff has the RFC for a limited range of light work.  Plaintiff contends the ALJ does not cite any medical "evidence" to support his RFC finding but, instead, merely questions plaintiff's credibility.  Citing a Southern District of Iowa case for the proposition that an RFC finding "must be supported by medical evidence, not a credibility finding," plaintiff argues "[c]redibility rulings do not constitute evidence of any kind, and hence there is . . . no substantial evidence of record in support of the ALJ's unfavorable decision."

The ALJ, however, did not base his decision solely upon a credibility determination.  At

Finding No. 2 in his decision, the ALJ found plaintiff had the following severe impairments: degenerative disk disease of the lumbar and cervical spines, depression, anemia, gastro-esophageal reflux disease (GERD), myalgias, and arthritis. The ALJ discussed in detail plaintiff's long history of chronic back pain, noting the "mild to moderate" or "minimal to mild" findings, and the normal neurological examinations and gait.[7] The ALJ noted plaintiff's history of GERD and prescriptive treatment thereof, and plaintiff's history of anemia and its treatment through iron supplements. The ALJ also noted plaintiff's medical records regarding a positive test for hepatitis C, fatty infiltration of the liver, mild depatomegaly, a heart murmur, mitral valve and aortic regurgitation, and the absence of treatment for such. The ALJ further noted plaintiff's treatment for multiple myalgias with prescribed anti-inflammatories. The ALJ discussed plaintiff's long history of depression, anxiety, and insomnia, as well as treatment for her conditions through prescriptive medication. The ALJ noted plaintiff's statements to her treating psychiatrist that she was able to sleep okay, that her mood was great, that she was not as anxious as she used to be, and that she was doing well. The ALJ noted plaintiff's psychiatrist found plaintiff had no active symptoms of depression but had "numerous life stressors" which created acute distress as opposed to depression but, nonetheless, rated plaintiff's GAF at 50 indicating serious symptoms. The ALJ also noted a psychological consultative examination wherein the psychologist found plaintiff's short-term memory fair, her long-term memory fair to good, her thought processes very concrete, her judgment and insight poor to fair, a poor fund of knowledge, and an inability to answer any current events questions. Plaintiff reported to the consultative psychiatrist that she is able to bathe, feed and dress herself, cook, clean, handle her finances, drive, shop, and sometimes attend church. The ALJ noted the consultative

---

[7]The ALJ also noted plaintiff is morbidly obese at 5'4" tall and weighing 206 pounds (although not alleged as a disabling condition), and opined plaintiff's "obesity likely greatly exacerbates her chronic back pain."

psychologist's diagnoses as major depressive disorder, recurrent, severe without psychotic features, and his rating of plaintiff's GAF at 60 indicating moderate symptoms.[8]

At Finding No. 3 in his decision, the ALJ discussed whether plaintiff's severe impairments met a listing. The ALJ noted a DDS program psychologist reviewed plaintiff's medical records and concurred with the consulting psychologist's diagnosis of major depression, but found plaintiff was only mildly limited in her activities of daily living, had moderate limitations in maintaining social functioning and in maintaining concentration, persistence or pace, and that there was no evidence of episodes of decompensation. The ALJ noted the reviewing psychologist found plaintiff did not have a medically documented history of a chronic affective disorder of at least two years' duration that caused more than a minimal limitation of ability to do basic work activities.

At Finding No. 4 in his decision, the ALJ found:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of light work. Specifically, the claimant can occasionally lift ten pounds, can frequently lift less than ten pounds, can sit, stand or walk for about six hours of an eight-hour workday, can follow simple instructions and have occasional contact with others. [Claimant] has moderate limitations in concentration, tolerating stress, social interaction and in performing activities of daily living.

The ALJ stated that in making the RFC finding, he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" as required by the regulations. The ALJ also stated he considered opinion evidence in accordance with the regulations. In considering plaintiff's symptoms, the ALJ advised he followed a two step process: (1) determining whether plaintiff had an underlying

---

[8]The Commissioner subsequently found, as noted later in this Report, that the opinion of the consulting psychologist was consistent with the evidence as a whole and gave great weight to that opinion. Plaintiff has not raised, by a separate issue or claim, a challenge to the weight given to the consultative psychologist's opinion, and his GAF rating of 60, over plaintiff's treating psychologist and his GAF rating of 50.

medically determinable physical or mental impairment, shown by medically acceptable clinical and laboratory diagnostic techniques, that could reasonably be expected to produce plaintiff's pain or other symptoms; and (2) evaluating the intensity, persistence and limiting effects of plaintiff's symptoms to determine the extent to which they limit plaintiff's ability to do basic work activities. The ALJ noted that if he found plaintiff's statements about the limiting effects of pain or other symptoms were not substantiated by objective medical evidence, he was required to make a finding on the credibility of the statements based on a consideration of the entire case record. The ALJ then listed factors he was required to consider in addition to the objective medical evidence when assessing the credibility of plaintiff's statements.

The ALJ noted plaintiff testified her back pain prevented her from doing most things, that she could barely stand at times and sometimes fell down, that it took her 15-20 minutes to get out of bed, and that she used a walker because of left hip pain. The ALJ also noted plaintiff testified she did very little housework or cooking, testified as to various other ailments not alleged as disabling conditions, and testified that mentally, after her daughter's death in 1998, she was completely unable to function. After considering the evidence of record, the ALJ found plaintiff's medically determinable impairments <u>could</u> reasonably be expected to produce the alleged symptoms, but that plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible.

The ALJ then referred to his previous finding that plaintiff has the following severe impairments: degenerative disk disease of the lumbar and cervical spines, depression, anemia, GERD, myalgias, and arthritis. The ALJ found plaintiff's mild to moderate degenerative disk disease was not currently being treated and that although she had some physical therapy sessions, she had not been evaluated as a surgical candidate. The ALJ found plaintiff's depression was

considered stable by her treating psychiatrist, noting the doctor's findings that plaintiff's life stressors caused distress rather than clinical depression and that plaintiff had no active symptoms of depression. The ALJ also found plaintiff's GERD and anemia were stable, her heart murmur was not currently being treated, and her myalgias were being treated by prescribed anti-inflammatories.

The ALJ then noted the RFC assessment completed for plaintiff's physical capabilities on April 26, 2004. The ALJ noted the DDS program physician reviewed plaintiff's medical records and determined plaintiff could occasionally lift 20 pounds, could frequently lift 10 pounds, could sit, stand or walk for about 6 hours of an 8-hour work day, and was unlimited in pushing or pulling with her extremities, could occasionally climb ramps, stairs, ladders, ropes, or scaffolds, and occasionally balance and crawl, and frequently stoop, kneel, or crouch. The ALJ noted the physician found plaintiff had no postural, manipulative, visual, environmental or communicative limitations.

The ALJ noted that as for opinion evidence, there were no treating source opinion statements in the record regarding plaintiff's RFC. The ALJ found the opinion of the consulting psychologist, detailed under Finding No. 2, was consistent with the evidence as a whole and granted "great weight" to that opinion.

Considering the ALJ's entire decision through his RFC determination, it is clear the ALJ did not base his RFC determination solely on an unsupported credibility ruling. Instead, the ALJ's RFC decision was based on the cumulative medical records plaintiff submitted as evidence of her disability. More precisely, the ALJ's RFC determination was based on a comprehensive evaluation of all the relevant evidence supporting or discrediting plaintiff's claims of limitations which resulted in his decision that there was simply insufficient proof that plaintiff could not perform a limited range of light work. The ALJ's "merely questioning the plaintiff's credibility" was not the

only support for the RFC determination as plaintiff claims.  Therefore, even if this Court were to find, as plaintiff argues, that a credibility ruling does not constitute evidence sufficient to support an RFC determination, the ALJ's RFC in this case was supported by documented and referenced medical evidence.  There is substantial evidence to support the ALJ's determination that plaintiff has the RFC to perform a limited range of light work.  Plaintiff's second ground should be DENIED.

In her third ground plaintiff argues it was reversible error for the ALJ to fail to provide specific reasons to support his adverse credibility ruling against plaintiff.  The ALJ, however, did state in his decision, prior to and after his credibility evaluation, the reasons why he did not find plaintiff's statements concerning the limiting effects of her symptoms entirely credible.  The credibility assessment of witnesses, including a claimant, is particularly within the province of the ALJ and the Court cannot substitute its judgment for the ALJ's unless that determination has no evidentiary support.  Where the medical evidence is inconclusive, it is within the discretion of the ALJ to determine the disabling nature of the subjective limitations asserted by a claimant.  An ALJ's unfavorable credibility evaluation of a claimant's allegations will not be upheld on judicial review only where the uncontroverted medical evidence shows a basis for the claimant's complaints and the ALJ does not articulate a basis for discrediting the claimant's subjective complaints of pain by weighing the objective medical evidence.  *See Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985).  Those circumstances are not present here.  Although there was an objective medical basis for plaintiff's allegations of limitations, the conflicts in the medical evidence, as well as the lack of medical evidence substantiating the degree of limitation, justified the ALJ discounting plaintiff's subjective complaints.  Throughout his decision the ALJ cited the medical evidence he considered in making this assessment.  Moreover, the objective medical evidence, from plaintiff's treating,

consulting and reviewing physicians, appears to be consistent with the ALJ's determination, and the ALJ was entitled to rely on this evidence. Plaintiff's third ground should be DENIED.

In her fourth ground, plaintiff argues that once the credibility ruling is discounted under ground two, or disallowed under ground three, there is no evidence to support the ALJ's RFC determination or his decision as a whole. As noted above, the ALJ's credibility evaluation is not discounted or disallowed. To the extent, if any, plaintiff also argues, despite the credibility ruling, that there is no evidence to support the ALJ's decision finding plaintiff not disabled, plaintiff's argument fails. As an "Outline of Relevant Evidence," plaintiff simply sets out a laundry list of complaints plaintiff made to medical personnel over the years, and/or other various diagnoses or ailments referenced in plaintiff's medical records but presents no analysis of those complaints. Plaintiff also sets out a laundry list of medications plaintiff has purportedly taken for her ailments and their symptoms with the conclusory comment that such medicines have only provided limited relief. Plaintiff references her testimony concerning her alleged limitations due to her medical conditions, but plaintiff does not develop how any of these medical references limit plaintiff's RFC to perform a limited range of light work, nor does plaintiff cite any specific medical evidence or medical findings demonstrating she, due to the various ailments she has experienced over the years, is currently unable to perform any work that exists in significant numbers in the national economy. The evidence of record conflicts with plaintiff's claims of continuing disabling conditions.

The evidence of record documented plaintiff's medical conditions, however, there was no evidence that such conditions were debilitating to the degree that plaintiff could not perform work within her RFC. The ALJ found the majority of plaintiff's ailments were responsive to treatment and that her mental limitations were moderate. The ALJ allowed for these limitations in his RFC finding. With regard to plaintiff's major ailment, back pain, there is sufficient evidence of record to

support the ALJ's finding that such back pain, in and of itself, is not debilitating. Although it is clear plaintiff experiences some pain, "disability" requires more than the inability to work without pain. *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2nd Cir. 1983). The test for disability is not satisfied merely because a plaintiff cannot work without some pain or discomfort, *i.e.*, one does not have to be "pain free" in order to perform some work. *Chaney v. Califano*, 588 F.2d 958 (5th Cir. 1979). Here, plaintiff was required to show she was so functionally impaired by her back pain that she was precluded from engaging in any substantial gainful activity. *Cf. Hames v. Heckler*, 707 F.2d 162, 165-66 (5th Cir. 1983). The ALJ did not find plaintiff did not have back pain, rather, he found the degree of impairment evidenced by the objective medical findings did not impose functional restrictions of disabling severity on plaintiff's activities. The ALJ properly assessed plaintiff's RFC in accordance with the appropriate regulations and considered all the relevant evidence. Substantial evidence supports the Commissioner's ultimate decision that plaintiff was not disabled. Plaintiff's fourth ground should be DENIED.

## V.
## RECOMMENDATION

It is clear this plaintiff experienced medical problems which affected her ability to work and the ALJ found plaintiff could not, in fact, return to her prior employment. The evidence of record, however, supports the administrative finding of not disabled. THEREFORE, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the decision of the defendant Commissioner be AFFIRMED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation

to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of January, 2011.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).